[Cite as *In re M.B.*, 2015-Ohio-3434.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:


M.B., D.B., K.B.,

X.B., and A.B.

Minor Children

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case Nos. 2015 CA 00091
and 2015 CA 00092

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case Nos. 2013 JCV 00452 and 2013 JCV 01014 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 24, 2015 |

APPEARANCES:

For Plaintiff-Appellee

BRANDON J. WALTENBAUGH
STARK COUNTY JFS
300 Market Avenue North
Canton, Ohio 44702

For Defendant-Appellant

CHRISTOPHER S. COLERIDGE
101 Central Plaza South
500 Chase Tower
Canton, Ohio 44702

*Wise, J.*

{¶1}   Appellant B. B. ("Mother") appeals the April 22, 2015, Judgment Entry entered by the Stark County Court of Common Pleas, Juvenile Division, which terminated her parental rights, privileges, and responsibilities with respect to her five minor children, and granted permanent custody of the children to Appellee Stark County Department of Job and Family Services ("SCJFS").

## STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant is the Mother of the minor children M.B. (DOB 5/26/2004), D.B. (DOB 2/28/2006), K.B.(DOB 12/18/2007), X.B. (DOB 9/17/2009), and A.B. (DOB 9/28/2013). (T. at 5). The four oldest children are involved in case 2013JCV00452 and A.B. is involved in case 2013JCV01014. (T. at 3). The fathers of these children are not parties to this appeal.

{¶3}   On May 3, 2013, Appellee Stark County Job and Family Services ("SCJFS"), filed a complaint seeking temporary custody alleging that M.B., D.B., K.B. and X.B. were dependent and/or neglected. (T. at 7).

{¶4}   The complaint was filed after Appellant-Mother was arrested on May 1, 2013, when officers observed one of her children playing with an unmarked bottle of Tramadol during a traffic stop. (T. at 7). The children told officers that Appellant gave the medication to X.B. to help him sleep. (T. at 7). Appellant was arrested on numerous charges including drug tampering and lying to law enforcement personnel. (T. at 7). Officers then placed the children in the emergency custody of SCJFS pursuant to Juvenile Rule 6. (T. at 7). SCJFS was already open on the case at the time of the incident due to concerns of on-going negative behaviors from the children due to past

sexual abuse, dirty home conditions, and Appellant being in a relationship with a fifteen-year-old boy. (T. at 7).

{¶5} On July 10, 2013, the trial court found M.B., D.B., K.B. and X.B. to be dependent and placed them in the temporary custody of SCJFS. (T. at 8). These four children have remained in SCJFS temporary custody since that date. (T. at 8).

{¶6} On September 28, 2013, A.B. was born during the pendency of the open case. (T. at 8).

{¶7} On October 1, 2013, SCJFS filed a complaint seeking protective supervision alleging that A.B. was a dependent child. (T. at 8).

{¶8} On October 23, 2013, the trial court found A.B. to be a dependent child and placed her in protective supervision. (T. at 9). SCJFS later filed a motion to obtain temporary custody of A.B. because of reports Appellant was still in a relationship with the fifteen-year old boy and that he could possibly be the father of A.B. (T. at 9).

{¶9} On November 7, 2014, an emergency shelter care hearing was held, and A.B. was placed in SCJFS temporary custody. (T. at 10). A.B. has been in SCJFS custody since that date. (T. at 10).

{¶10} SCJFS prepared a case plan for the family which originally included establishing paternity, parenting assessments at Northeast Ohio Behavioral Health, and Drug and Alcohol Assessments at Quest Recovery Services. (T. at 13). Although paternity was established for every child except A.B., none of the fathers completed any other portion of their case plan services, did not show up to any other hearings, and are not part of this appeal. (T. at 12-14). Appellant completed her drug assessment with no concerns. (T. at 13). Appellant completed her parenting assessment on August 14,

2013. (T. at 14). The evaluator recommended Appellant participate in Goodwill Parenting classes, the intensive parent and child program through Northeast Ohio Behavioral Health, Goodwill home-based counseling, mental health counseling for herself and her children, and to secure and maintain independent housing and employment. (T. at 14). Those recommendations were added to the case plan. (T. at 14).

{¶11} The trial court conducted dispositional reviews every six months. Temporary custody of M.B., D.B., K.B. and X.B. was extended on May 14, 2014 and on October 30, 2014. Temporary custody of A.B. was extended on August 29, 2014.

{¶12} On February 20, 2015, SCJFS filed motions seeking the permanent custody of all five children.

{¶13} On April 2, 2015, and April 16, 2015, the trial court heard evidence on the motions. SCJFS presented evidence from Jamie Horey, the caseworker assigned to the case, Dr. Aimee Thomas, who conducted Appellant's parenting assessment, Amy Schuster, Appellant's mental health counselor, Jennifer Fire, Appellant's Goodwill Parenting case manager, Louis Lacourt, child M.B.'s therapist, and Marcella Ortega Gomes, therapist for D.B., K.B. and X.B.. Appellant testified on her own behalf.

{¶14} The trial court took the motions under advisement.

{¶15} On April 22, 2015, the trial court issued a written judgment entry with findings of fact and conclusions of law determining that grounds existed to grant permanent custody of all five children to SCJFS. The trial court also found that permanent custody was in the best interest of all five children. Mother's parental rights were terminated.

{¶16} It is from this judgment entry Appellant-Mother appeals, assigning the following error for review:

**ASSIGNMENT OF ERROR**

{¶17} "I. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS), AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT IT IS IN THE BEST INTERESTS OF THE MINOR CHILDREN TO GRANT PERMANENT CUSTODY AND SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶18} This case comes to us on the expedited calendar and shall be considered in compliance with App.R. 11.2(C).

I.

{¶19} In her sole Assignment of Error, Appellant-Mother contends the trial court erred in finding an award of permanent custody was in the best interest of her five minor children. We disagree.

{¶20} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries,* Stark App. No. CA5758 (Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶21} R.C. §2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. §2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.

{¶22} Following the hearing, R.C. §2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶23} In determining the best interest of the child at a permanent custody hearing, R.C. §2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the

child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶24} Therefore, R.C. §2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. §2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

{¶25} If the child is not abandoned or orphaned, the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. §2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R.C. §2151.414(E)(1) through (16) exist with respect to each of the child's parents.

{¶26} As set forth in our Statement of the Facts and Case, supra, we find there was competent, credible evidence Mother failed to remedy the problems which caused the removal of the minor children from the home. The trial court found by clear and convincing evidence that all five minor children had been in the temporary custody of SCJFS for 12 or more months of a consecutive 22 month period; that Mother had abandoned the children by failing to visit them for a period in excess of 90 days; and that Mother had failed to remedy the conditions which caused the children to be placed in the care and custody of SCJFS.

{¶27} The trial court found that the father of M.B., K.B., X.B. is currently serving a fifty (50) year prison sentence for rape and gross sexual imposition involving children. The father of D.B. has had no contact with her for a period greater than ninety (90) days.

{¶28} The trial court found that while Appellant-Mother completed her Quest Assessment, the Goodwill parenting program and the Intensive Parent Child Program, she was not able to maintain continuous, independent housing, failed to attend mental health counseling at Free Space or Coleman Behavioral Health and only sporadically attended individual counseling through NEOBH, with no counseling since November, 2014.

{¶29} The trial court found Appellant-Mother "continues to make very poor lifestyle choices including sexual relations with a minor and criminal felony behavior." Appellant-Mother was convicted of a theft offense in January, 2014, and burglary in the fall of 2014, and is currently on probation for a felony conviction. Further, she has engaged in a sexual relationship with a fifteen (15) year old boy.

{¶30} The trial court further found that Appellant-Mother has also been "unable to adequately meet the needs of her children who exhibit severe behavioral problems. She lacks the stability and decision making needed to stabilize these children and insure that they can perpetually be maintained in her care."

{¶31} With respect to the best interest finding, the evidence revealed the children are doing well in foster care and are bonded with the foster parents and one another. The children currently exhibit problems focusing while at school as well as some behavioral issues. M.B. has a diagnosis of depression and anxiety and is being

treated for same. D.B. and K.B. are in counseling for trauma-related issues. M.B. is in a foster-to adopt home, while the other four children are all placed together in a different home. The separation is due to concerns that M.B. may act out sexually against his sibling as he has in the past. M.B. is currently behaving appropriately toward the other children placed in foster care with him and refers to them as his brothers.

{¶32} Additionally, the guardian ad litem filed a report wherein she opined the best interest of the minor children would be served by granting permanent custody to SCJFS.

{¶33} Based upon the foregoing, we find the trial court's findings that an award of permanent custody was in the children's best interest was not against the manifest weight of the evidence, and was based upon sufficient evidence.

{¶34} Appellant-Mother's sole Assignment of Error is overruled.

{¶35} For the foregoing reasons, the judgment of the Juvenile Division of the Court of Common Pleas, Stark County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

JWW/d 0813